*Northern District*

No. 5441

**VERONICA M. ESSEX, ET AL**

v.

**STOP & SHOP, INC.**

(November 30, 1960)

*Present:* Gadsby, P. J., Brooks and Northrup, JJ.

Case tried to *Lynch, J.* in the Municipal Court of Dorchester. No. 646 of 1958.

*Gadsby, P. J.* This is an action of tort in which the plaintiff, Veronica M. Essex, seeks to recover for injuries received as a result of the defendant's alleged negligence. In Count 1 of the declaration, her husband seeks to recover for consequential damages. The defendant filed a general denial and a plea of contributory negligence.

The report is rather indefinite as to what facts the trial judge found on which to base the alleged negligence of the defendant.

The report states, "that there was evidence tending to show that the plaintiff was hit on the head by a hinged metal and wooden counter top used as a counter gate at the check out register on the defendant's premises;

that as a result of this bump on the head the plaintiff was nauseous, confined to bed for three weeks, unable to do her full housework for two months, saw her doctor three times, had a medical bill of $35.00 of which $20.00 was for x-rays at the Mass. General Hospital; that the counter gate was pulled over by the plaintiff's son who was two years old and seated in the grocery wagon; that the counter gate should have been hooked back, and immediately after the accident it was hooked back."

The trial judge did not make any specific finding of fact as to what evidence he believed. We cannot tell whether the judge found as a fact that the child pulled the counter gate over onto his mother, nor does the judge state that he found as a fact that the counter gate should have been hooked back and immediately after the accident it was hooked back.

The report states that the court found as a fact that the defendant was negligent and that the plaintiff, Veronica M. Essex, was in the exercise of due care and made a general finding for the plaintiff.

While the trial judge may have had in his mind the elements on which he based negligence, he has not set them forth in the report.

It is very important in arriving at a decision in this case as one of the elements to know whether the child of the plaintiff pulled the counter gate over. This raises a question of law as to an independent intervening act

which might excuse the defendant from liability even if it were negligent.

A further difficulty is that the trial judge has merely made a finding that the defendant was negligent without any explanation of what the negligence consisted. The statement that "there was evidence tending to show" does not mean that the trial judge believed that evidence. We do not know how the counter gate became unhooked, nor is there any evidence as to how long a period of time the gate remained unhooked. We do not even know from the report whether the child may have pulled the counter gate over and it may have become unhooked at that time.

We are of opinion that in fairness to both parties the report should be sent back to the trial judge in order for him to set forth his specific findings of fact so that this Division may properly act on the defendant's requests for rulings which were denied.

The report is therefore ordered back to the District Court for clarification by the trial judge.

William F. Dierkes of Boston, for the Plaintiff.
Charles E. Colson of Boston, for the Defendant.